Next matter, number 172218, Joseph Bebo v. Sean Medeiros The District Court in this case granted a certificate of appealability on the issue of whether the book, Guilty, which was brought into the jury deliberation room by a juror in Mr. Bebo's murder trial and discovered there... How do we know that? There was a finding by the trial court that there was a showing that the book was... In the jury room? It was in the jury room and it had a piece of paper in it. No, I understand that. Yes. Was there any finding that it was brought in by a juror? That was new information when you just said that. The state trial court said that there was a showing that the book was brought by a juror into the jury deliberation room. Counsel, can I... I guess for me it's sort of a bottom line here. You are asking that there be, if I understand you correctly, an evidentiary hearing before the district court? Is that correct? A juror inquiry. Okay, so you're suggesting this trial was in 2009, right? Yes. So you're suggesting that in 2018, we should order the district court to basically do the jury inquiry that the state court should have done in 2009? Is that what you're... Yes. What? Why? What's the precedent for that? I mean, it would seem to me that even if you were entitled to a juror inquiry, and we're a long way from that, why wouldn't the remedy be for us to issue an order to the state court of provisional habeas or something like that, directing the state court to do the juror inquiry? Well, the precedent for that is Sanchez v. Rodin, in which there was an inadequate Batson inquiry. And this court, seven years later, said that basically the state court had had its opportunity and that the proceeding should be in the federal court. And that was seven years after the completion of that trial. Is there any clearly established state law of a Supreme Court case that says that's the remedy? But that's the particular remedy? Well, I mean, juror inquiry certainly would be the remedy, but in the federal court... I share a judge... Maybe we held that in the Santos case. We held that in the Santos case, right? It's a First Circuit precedent. Yes, Sanchez v. Rodin. Yeah. But the thought that the federal court is now going to haul in jurors from a state court decision more close to a decade ago and question them about a book that was found in the jury room strikes me as sort of an odd exercise in federalism. I doubt that the Supreme Court would approve it. The Supreme Court has required that there be an inquiry. No, no, you're missing the point. The question is where the inquiry should take place. Are you saying you don't really care, just that there needs to be an inquiry? I mean, I think there could be an inquiry in either forum. Counsel, I thought that perhaps your argument would be that, and we'd have to ask you about where this clearly established law is, but that under clearly established Supreme Court law, this book should be considered an extraneous influence, and secondly, given that it was an extraneous influence, that the trial court should have conducted a juror inquiry to determine whether it affected the fairness and impartiality of one juror or perhaps more. And given the failure of the trial court to do that, it should now be ordered to do that, even all these years later, or if it turns out it simply cannot be done because of the passage of time, your client is entitled to a new trial. I would have thought respectfully that that would be the argument that you were making. Maybe in essence you are making that argument, I don't know. Well, the first step has to be if anything could be determined by any juror inquiry. And then the next step would be if nothing could, then basically a new trial would be ordered. Okay, before we go off on these really interesting questions about remedy, let's get back to the merits of your case. Why do you think the state appeal court decision was contrary to or an unreasonable application of clearly established Supreme Court law? Okay, well, under Supreme Court precedent, extraneous influences requiring juror inquiry encompass communication, contact, tampering directly or indirectly with a juror during a trial about the matter pending before the jury. That's true. The Supreme Court has required that and has extended that to what the Supreme Court has termed extraneous matter, right? But there has been no Supreme Court case that has applied the extraneous matter doctrine or that rubric, right, to a book like this which bears no direct relation to the case on trial. They've applied it to matters that have direct bearing to the case. A sheriff makes comments about the defendant's guilt within earshot of the jurors, things of that sort. Those are the types of extraneous matters that are found in reported Supreme Court cases. So I'm struggling with the, I'm sympathetic to your position, but I'm struggling with the notion of how we can say that it's clearly established under Supreme Court precedent, because that's what we're limited to, that it's clearly established that a book like this can be considered extraneous matter. Well, first, in White v. Woodall, the Supreme Court said that 2254-D1 doesn't require an exact fact pattern. No, it doesn't. That's clear. And moreover, it has said that some principles are so fundamental that there can be no fair-minded disagreement about their application to a new set. Counsel, in that case, the Supreme Court seemed to remind us that there's a difference between the application of fundamental principles to a new fact pattern, or the application of those fundamental principles to those new facts is clear, the difference between that and the extension of fundamental principles to a new fact pattern. And the warning seemed to be that we should not, that the unreasonable, that the extension notion is not where the Supreme Court presently is. Aren't you asking us to extend the extraneous influence doctrine to a place where it has never been before? No, I think if you look at the actual case, White v. Woodall gives a good example of what would count as an extension. That was, they refused an extension of the adverse influence from the guilt phase to the sentencing phase. And when there is an extension, the Supreme Court has said that there, in that case, there were constitutional distinctions between the proceedings. And there was actual case law in the Supreme Court explicitly reserving the issue of whether or not it would apply. Here we have no separate constitutional proceeding. It's exactly the same kind of proceeding. It's a trial. And it is, in a factual situation, when there's a broad rule as we have here, there's, this Court has said that you can look to circuit precedent to amplify when there's a broad rule. Well, we said that before the Supreme Court started chastising the circuits, and especially the Ninth Circuit, when there was reference made to circuit law. And they said, no, no, we mean by the Supreme Court. So we're bound by that. You just can't go in that direction. But I would suggest that the Court look at the cases in which the Supreme Court has talked about what counts as an extension and the extensive legal rulings and the rationale for why it counts as an extension versus an application. Yes, there's another question, please. Assuming that we were to accept your position on the extraneous influence argument, what flows from that? In other words, what has to be done, what kind of showing does there have to be on the issue of the impact of that extraneous influence on the deliberations of the jury? I'm a little unclear from reading your brief how you feel that issue should be addressed. You would agree that is a separate issue that has to be addressed, is that correct? That there has to be some form of inquiry. I think that this Court's brief... So it's your position that once the extraneous influence determination is made, it follows that, I guess, pursuant to clearly established Supreme Court law, there had to be a juror inquiry, and that was not done here. And so it simply was not possible in the absence of that inquiry to really assess prejudice. Is that your argument? Yes. All right, thank you. Counsel. Thank you. Good morning. May it please the Court, my name is Thomas Bolshan. I represent the Respondent here, Sean Medeiros. The District Court's judgment should be affirmed. I'd like to emphasize two of the Respondent's responses to the Petitioner's arguments. First, the Petitioner takes issue with the Appeals Court's application of the definition of extraneous influence from Remmer. In other words, the Petitioner takes issue with whether the Appeals Court required too close a connection between the matter that was in litigation, or the parties in litigation, and the book that was found here. And second, there seems to be a temporal claim that the Appeals Court was wrong to look at this connection issue in deciding whether to hold a hearing in the first place, instead of as part of a prejudice inquiry after a hearing took place. On that second issue, the Petitioner hasn't directed the Court to, and I have not found any case where the Supreme Court sets forth some kind of temporal order for these things to take place. And in the Williams-Davis case from the D.C. Circuit, in this Court's decision in Grulin, the D.C. Circuit directed that in post-conviction claims of extraneous influences that do not involve third-party contacts with the jurors, that the lower court should look at whether the material is prejudicial, and the type of material it is, in deciding whether to hold a hearing. There, I believe it was with respect to Washington Post articles and a dictionary. In this Court's decision in Grulin, this Court upheld a district court's decision not to hold a hearing for two reasons, one of which was because the lawyer joke did not pertain. But the Supreme Court case law, the Supreme Court in every case where it has found that extraneous matter was involved, has remanded for, or otherwise approved, a juror inquiry. So I understand this Circuit precedent that says that maybe some type of extraneous matter doesn't require juror inquiry. But I question whether that's part of clearly established Supreme Court case law. I agree that it's not part of clearly established Supreme Court case law. My point is that to the extent that the appeals court looked at this issue in deciding whether to hold a hearing, its analytical approach was not... But once the Supreme Court found that this wasn't, once the MAC found that this was not extraneous matter, anything else they said is really immaterial unless you're positing some sort of alternative holding. No, no. Because if they're wrong on that, and if it is extraneous matter, the Supreme Court tells us that we ought to, in one form or another, make certain that this petitioner has a hearing. That's right. In the form of a juror inquiry. That's right. So now, get to what I view as the core question here. Why shouldn't we say that, yeah, the Supreme Court has not held that a book not about the case comes within extraneous influence, but that's such a logical deduction from its case law that it fits within the, we've announced the principle even though we may not have had these precise facts before us. That's essentially your sister's argument. Well, I want to resist that that is definitely the logical result that the Supreme Court would take. Maybe they would in the case, maybe they wouldn't, we don't know. But if I'm the state court judge surveying the Supreme Court president to decide what must I hold, what must I not hold, and where is the gray area in the middle, every Supreme Court case from Maddox through Turner, Parker, all the way to Smith, has dealt with some kind of influence that has been direct or explicitly or unequivocally tied to the case. And Justices Alito and Thomas recognized this in their dissent in Barnes v. Joyner that Remmer, and the cases in that line are narrow, and in their words, Remmer offered no specific guidance on what constituted, quote, the matter pending before the jury, which is sort of the nub of the issue here.  So your argument boils down to the fact that, in your view, this isn't another exemplar of a general principle. This is, in the White v. Woodall language, an extension of that general principle to an area where thus far the Supreme Court hasn't set foot. That's exactly right. And I would say that in Barnes v. Joyner, that was just a different third party speaking to the juror. There it was a pastor. She went and spoke to a pastor about a Bible passage that defense counsel had invoked as part of the penalty phase. And even though that was just a different influencer, Justices Thomas and Alito weren't convinced that that was within clearly established Supreme Court case laws defined by Remmer. Here this isn't just a different influence. We're not saying, you know, bailiff and court clerk or something like that. This is a different type of material altogether. It's a book that's not a reference book. It's not a media account. It's a different type of material. And therefore, as the court just asked, this would require an extension of the Remmer line of cases. You're not saying that, maybe I misunderstood your argument, that because it's a, well, obviously if this were a book about the specific case, you would not argue, well, it's a book. It's not an extraneous influence. You're not arguing that because it's a book it can't be an extraneous influence, right? No, I'm arguing because of the content of the book. Okay. So this is a book. This is a murder trial involving the use of a knife. The book has some very inflammatory comments about criminals getting off easy despite the use of knives to commit murders. It talks in derogatory terms about defense counsel who managed to get people off, that kind of thing. Sure, it's not about this case, but taking a realistic view about what it means to be a matter in litigation. A matter in litigation is a murder case involving the use of a knife. This book, at a higher level of abstraction, makes comments about murders involving knives. Why is it such a leak to say, well, at that level of abstraction, this is not about the matter in litigation? I don't understand why, if we were to take the view that matter in litigation does accommodate this level of abstraction, that that would be nothing more than a reasonable application of existing Supreme Court law to a somewhat different fact pattern. Well, I think that, first, just the Supreme Court is always confronted more direct influences. So if I'm a state court judge and I'm trying to decide what must I do and what must I not do, the Supreme Court's signals have been in a much more direct context. Second, the court's question sort of refers to the argument made in the respondent's brief about, well, maybe that would require any book about a murder by stabbing to have a judge hold a hearing to inquire about the jurors. And the petitioner says, no, even Julius Caesar murder on the Orient Express, those wouldn't require a hearing, but this book would. And the petitioner is asking you to draw these kinds of lines about a whole book about a murder by stabbing versus a political book with a few lines about a stabbing and to somehow do that in a habeas case. The Supreme Court's holdings have not been at that level of nuance. They've not been at that level of generality, or I suppose that sounds contradictory, but they have not allowed for that kind of line drawing, at least at this stage yet. And on the issue of the stabbing in particular, the part of the book that talks about the stabbing is about three people in Britain who this doctor said stabbed people, and they apparently thought that their commission of the murder was just an accident. They said the knife went in. The testimony here was very different, and the petitioner has never contended that there was an accident defense, and rightfully so, that wasn't his theory at trial. The argument maybe would be stronger if there was an accident defense, but his argument at trial was that he was innocent, and in the closing argument, he argued that the police investigation was shy and that there was a third-party culprit named Muse. This wasn't a case where there was some kind of we-were-fighting-and-the-knife-just-happened-to-go-in theory that was strongly advocated throughout the case. The petitioner has never argued that his defense at trial was accident, and that's because it wasn't. Counsel, I understand you're from the Attorney General's office, and of course you would be arguing against habeas and defending the state court system. Sort of regardless of this issue about what is clearly established by the Supreme Court, to use Judge Lopez's terms, as a matter of common sense, if this had been raised with the state trial court immediately and not, you know, a year later, given the request for an extension of time, wouldn't it have made some sense sort of just as a matter of judicial economy, whether required or not, to have conducted a hearing while this issue was still fresh in the minds of jurors to the extent it was in their minds? May I answer? Yes. I can't disagree with you that if the judge had immediately called in, say, the foreperson, we wouldn't be here today. I can't disagree with that. But, unfortunately, we're beyond that point now, and the question is whether the appeals court's decision was contrary to or an unreasonable application of the Supreme Court's precedent. Counsel, you know, there's something pretty unsettling about this case. I mean, this is a capital case, a life term. Defendant was entitled to a fair and impartial jury. You know, it would have taken – this is really just, I think, another iteration of the point Judge Lynch just made. I mean, you could have called the jury in and it could have taken half an hour, an hour at most, to do a juror voir dire and find out for a fact whether this book just happened to be in that room, whether it played any role, and we wouldn't have all these lingering concerns about whether there may have been an injustice here. I mean, it's – and nothing can be done about it. You know, part of our inquiry is, is the state court system even going to know about this case? Is it even going to know about any opinion that we issue, that we actually do have some concerns about the procedure that was followed? I can tell the court that this court's decision in the Sanchez matter got the state court's attention and has been cited by both the SJC and the appeals court, so I think it's fair to say that the state courts do pay attention to what this court says they should and shouldn't be doing. I just want to point out that Judge Chernow, who is the Superior Court judge here, was not insensitive or indifferent here. He appointed counsel from CPCS because of a concern about the witness-advocate rule, allowed a year for the attorney to draft the paperwork. It wasn't Judge Chernow slowing things down. Held a hearing at which he didn't shut down defense counsel at any point. He let him go until he was done. And it was only after all of that that he stopped. So I just want to resist any idea that this was a state trial judge who was so busy he just didn't care. He was proceeding carefully. It's just he didn't take the final step that the petitioner here thinks he should have taken. Of course, it was a year later. By the time the memo was submitted, that's correct. Yeah. Okay. Thank you very much. Thank you, both. I just wanted to talk a little bit about the relevance of the stabbing statements in the book. Basically, I think this Court should look at Turner v. Louisiana talked about how a subliminal effect on credibility judgments can prejudice a jury. And here in the book, what the author does is reports the statements of a psychiatrist who talked about a typical way that stabbing murderers shun responsibility for their actions by describing what they've done as the knife went in. Now, the identity of the perpetrator in this case was a central issue. And Raymond Muse, who himself had a knife and was an instigator of the fight, testified that Mr. Bebo was the perpetrator and that after the fight, what Mr. Bebo had said to him was the knife might have gone in, which as part of the typical speech pattern of people who were trying to shun responsibility, I think this gave some credibility to Mr. Muse's statement. Okay. We have the argument. Thank you.